IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO G. LOPEZ, | No. C 13-3870 CRB |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SERGEANT CLOUS, et al., | |
| Defendants. / | |

     Plaintiff Fernando Lopez has alleged that several Santa Clara County police officers used excessive force against him during his arrest. See Summary Judgment Order (dkt. 35). Defendants have moved to dismiss portions of Lopez's First Amended Complaint, arguing that it raises claims barred by the applicable statute of limitations. See Motion (dkt. 58). For the following reasons, the Court finds this matter appropriate for resolution without oral argument under Civil Local Rule 7–1(b), agrees that Lopez's claims against the County are time-barred, and GRANTS the motion to dismiss as to those claims.

     Lopez filed his initial complaint pro se in August 2013. See Complaint (dkt. 1). Lopez subsequently obtained counsel, and the parties agreed to his filing a First Amended Complaint ("FAC"). See FAC (dkt. 49). The FAC added Santa Clara County as a defendant and brought failure to train and Monell causes of action against the County. See FAC at 3–4. Defendants move to dismiss these new claims against the County as time-barred, see Motion (dkt. 58); Memorandum of Points and Authorities (dkt. 57), arguing that the applicable two year statute of limitations has run. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

     Lopez responds that the claims against the County should "relate back" to the date that Lopez filed his initial complaint. See Fed. R. Civ. P. 15(c). He argues that although his initial complaint did not name the County as a defendant, he sued the individual officers

1

"individually and in their official capacities" and requested declaratory relief against those officers' "acts policies, and practices." See Compl. at 4.  Lopez argues that his pleadings—construed liberally given that he was pro se at the time they were filed—placed the County on notice that Lopez intended to bring Monell and failure to train claims against it. See Opp'n (dkt. 62) at 4–5.  Lopez's arguments fail for the following reasons.

Although "we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992), as amended (Oct. 9, 1992) ("[A] liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled.").  Lopez has not established under Rule 15(c) that the County "must or should have known that, but for a mistake concerning identity, the action would have been brought against it." See Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1202 (9th Cir. 2014).  On the contrary, although Lopez named the Santa Clara County Police Department as a defendant in an earlier state suit, he chose not to name the County or the Police Department as a defendant in the action now before the Court. See Opp'n at 5.  Furthermore, Lopez's initial complaint did not challenge any specific County policies—it exclusively addressed the actions of the named officers who he alleged used excessive force against him during his arrest. See generally Complaint.  The County thus had no reason to know "that it would have been named as a defendant but for an error." See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010).

The Court concludes that Lopez has not satisfied the requirements of Rule 15(c), his claims against the County do not relate back to the filing of his initial complaint, and thus the Court GRANTS the motion to dismiss the claims outlined in Lopez's second cause of action.

**IT IS SO ORDERED.**

Dated: April 18, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2