IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO LOPEZ, | No. 13-cv-3870 CRB |
|     Plaintiff, | **ORDER DENYING COSTS** |
| v. | |
| NICK NGUYEN, et al., | |
|     Defendants. | |

After prevailing at trial, Defendant Santa Clara Police Department officers have moved to recover $22,980.06 in costs against Plaintiff Fernando G. Lopez. The Court DENIES the motion because the case concerned a matter of substantial public importance, presented a close question, and involved parties of vastly different financial means. Any other result would have a significant chilling effect on 42 U.S.C. § 1983 actions, particularly those brought by indigent people.

**I.   BACKGROUND**

On September 21, 2011, Santa Clara Police Department officers arrested Mr. Lopez. Lopez Decl. (dkt. 32) at 2. No one disputed that the officers beat Mr. Lopez while bringing him into custody. SJ Order (dkt. 35) at 6–7. Officer Martin punched Mr. Lopez in the left torso ten times and delivered two knee strikes to the same area. Martin Decl. (dkt. 25) ¶¶ 13, 14. Officer Nguyen punched Mr. Lopez five times in the middle of his back. Nguyen Decl. (dkt. 27) ¶¶ 10–11. Officer Mead struck the right side of Mr. Lopez's face three times. Mead Decl. (dkt. 26) ¶ 13.

The officers said Mr. Lopez went rigid and resisted arrest by tucking his arms under his body while he was positioned face down on the asphalt. Martin Decl. (dkt. 25) ¶ 13; Mead Decl. (dkt. 26) ¶ 10; Nguyen Decl. (dkt. 27) ¶ 8. Mr. Lopez maintained that he did not resist arrest. Lopez Decl. (dkt. 32) at 2. He stated that officers punched his face and kicked his ribs repeatedly, dislocated his shoulder, and continued to punch and kick his face after he was handcuffed. Compl. (dkt. 1) ¶¶ 11–13. Mr. Lopez filed a pro se complaint alleging excessive force and was appointed pro bono counsel. See Order Appointing Pro Bono Counsel (dkt. 42).

The main issues at trial were (1) whether Mr. Lopez resisted his arrest, (2) whether the beating was warranted by Mr. Lopez's resistance before he was handcuffed, and (3) whether the beating continued after the officers had handcuffed Mr. Lopez. After a four-day trial, the jury reached a verdict for the officers. Jury Verdict (dkt. 135).

Defendants move for costs pursuant to Federal Rule of Civil Procedure 54(d)(1). See Final Judgment (dkt. 138); Notice of Memo of Costs of Def.s (dkt. 139).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but vests the court with discretion to refuse awarding costs. Ass'n of Mexican-American Educators v. State of Cal. ("AMAE") 231 F.3d 572, 592 (9th Cir. 2000); Fed. R. Civ. P. 54(d)(1). The losing party has the burden of showing why costs should not be awarded. Save Our Valley v. Sound Transit, 335 F.3d 932, 944–45 (9th Cir. 2003). The court must "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." AMAE, 231 F.3d at 593. While a district court must specify reasons for refusing to impose costs on the losing party, a district court does not need to specify reasons for abiding by the presumption to award costs. Save Our Valley, 335 F.3d at 945.[1]

---

[1] A district court's award of costs is reviewed for abuse of discretion. Save Our Valley, 335 F.3d at 945 n.12.

## III. DISCUSSION

The Ninth Circuit has recognized the following as appropriate reasons for refusing to award costs to a prevailing party: "(A) the substantial public importance of the case, (B) the closeness and difficulty of the issues in the case, (C) the chilling effect on future similar actions, (D) the plaintiff's limited financial resources, and (E) the economic disparity between the parties." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing AMAE, 231 F.3d at 592–93).

### A. Substantial Public Importance

When a case involves an issue of substantial public importance, it is a factor that weighs against awarding costs to the prevailing party. Escriba, 743 F.3d at 1247–48. In Escriba, an employee at a poultry processing plant alleged violations of the Family and Medical Leave Act ("FMLA"). Id. at 1239. The Ninth Circuit rejected the argument that the issue was necessarily not one of substantial public importance simply because the plaintiff sought only damages for her own injuries, and found the case important to the public interest because it established the parameters of what constitutes sufficient notice of intent to take FMLA leave. Id. at 1248. Nevertheless, the fact that a case benefits the public interest in some broad sense is in and of itself insufficient for a court to refuse to award costs. Friends of Tahoe Forest Access v. U.S. Dep't of Agric., 2014 WL 1575622, at *3 (E.D. Cal. 2014) (recognizing that environmental suits are important but that bringing an environmental suit does not necessarily render an issue of substantial public importance for purposes of avoiding payment of costs).

In Draper v. Rosario, 836 F.3d 1072, 1088 (9th Cir. 2016), the Ninth Circuit held that individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners. In that prisoner civil rights action, Draper alleged that a correctional officer violated his Eighth Amendment right to be free from excessive force when he slammed Draper against a gate and onto the floor while he was handcuffed. Id. at 1076. Although the correctional officer prevailed, the Ninth Circuit vacated the cost award of $3,018.35, holding that the district court abused its discretion. Id. at 1089. In Washburn v. Fagan, No.

3

C03-00869 MJJ, 2008 WL 361048, at *1 (N.D. Cal. Feb. 11, 2008), a civil rights plaintiff asserted, among other things, excessive force against city police officers. This District noted the action "raised important issues regarding how the San Francisco Police Department dealt with, and supervised, excessive force incidents," and found the plaintiff was seeking to vindicate important civil rights in bringing that action. Id. at 2.

Like the claims in Draper and Washburn, Mr. Lopez's 42 U.S.C. § 1983 claim of use of excessive force by a law enforcement officer in the context of his arrest is an issue of substantial public importance.

### B. Closeness and Difficulty of the Case

The closer the case, the more it weighs against awarding costs to the prevailing party. Escriba, 743 F.3d at 1248. In Draper, the Ninth Circuit determined the case was close for two reasons: (1) plaintiff's evidence of an Eighth Amendment violation was sufficient to survive summary judgment, and (2) the case ultimately turned on which competing account of events the jurors believed. Draper, 836 F.3d at 1088.

Mr. Lopez's case was close because his claims survived summary judgment as to four defendants and, as in Draper, turned on which witness testimony the jury believed.[2]

### C. Potential Chilling Effect

If awarding costs could chill future similar actions, that too weighs against allowing their recovery by the prevailing party. Escriba, 743 F.3d at 1248. Imposing high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation and the vindication of important rights under civil rights laws. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1080 (9th Cir. 1999); Washburn, 2008 WL 361048, at *2. The Ninth Circuit has further noted that "district courts have routinely declined to award costs against prisoners proceeding in forma pauperis under similar circumstances, citing potential chilling effects." Draper, 836 F.3d at 1088.

---

[2] Furthermore, as it was undisputed that a beating occurred, the jury was required to determine whether the force used against Mr. Lopez was reasonable even under the officers' version of events. That was a close question in itself, though one for which the officers may have been entitled to qualified immunity. See, e.g., Pearson v. Callahan, 555 U.S. 223, 244 (2009).

4

Here, Mr. Lopez initiated his 42 U.S.C. § 1983 action <u>in forma pauperis</u> and was appointed pro bono counsel. Future civil rights litigants alleging violations of Fourth Amendment rights under 42 U.S.C. § 1983, especially those proceeding <u>in forma pauperis</u>, would be discouraged from pursuing their claims if they knew that losing could result in paying costs north of $20,000.

### D/E.  Financial Resources & Economic Disparity

Both the limited financial resources of the losing party and any economic disparity between the parties weigh against awarding costs. <u>AMAE</u>, 231 F.3d at 592–93; <u>Wrighten v. Metropolitan Hospitals, Inc.</u>, 726 F.2d 1346, 1358 (9th Cir. 1984) (remanding to trial judge to "consider the losing plaintiffs' limited financial resources when reassessing the costs award"); <u>Nat'l Org. for Women v. Bank of Cal., Nat'l Ass'n</u>, 680 F.2d 1291, 1294 (9th Cir. 1982) (court did not abuse discretion to deny costs when it only "considered the plaintiff's limited budgets").

Costs are properly denied when a plaintiff "would be rendered indigent should she be forced to pay" the amount assessed. <u>Escriba</u>, 743 F.3d at 1248 (quoting <u>Stanley</u>, 178 F.3d at 1080). In <u>Escriba</u>, Foster Farms sought $21,703.31 in costs, which the clerk reduced to $13,958. <u>Id.</u> at 1242. The Ninth Circuit nevertheless denied all costs, in part because the economic disparity between the two parties was great, and because the $13,958 in costs was more than Escriba's $11,622 average annual earnings. <u>Id.</u> at 1248.

In <u>Stanley</u>, a former head women's basketball coach sued a university for gender discrimination and breach of contract. <u>Stanley</u>, 178 F.3d at 1073. After the university prevailed, the district court ordered the plaintiff to pay $46,710.97 in costs. <u>Id.</u> at 1080. The Ninth Circuit held that the court abused its discretion in denying the plaintiff's motion to reconsider costs, again in part because the award could have left the plaintiff indigent. <u>Id.</u> at 1079–80.

In <u>Draper</u>, the Ninth Circuit vacated a cost award of $3,018.35 to the prevailing correctional officer in a prisoner's 42 U.S.C. § 1983 action asserting an Eighth Amendment excessive force claim. <u>Draper</u>, 836 F.3d at 1076. At the time of his complaint, Draper had

5

no assets, no income during the past twelve months, and owed roughly $5,000 in restitution. Id. at 1089.  There was also "no comparison between Draper's limited resources and those of the state of California, which bore the defense costs." Id.  As such, the Ninth Circuit held the trial court had abused its discretion in allowing costs. Id.

Mr. Lopez is of limited financial resources relative to the $22,980.06 in requested costs because he has no assets and currently earns roughly $11.50 per month on average.[3] Inmate Statement Report (dkt. 142-2) at 2–4; see also Order Granting Leave to Proceed In Forma Pauperis (dkt. 5).  Furthermore, there is a great economic disparity between the parties.  Like Draper, Mr. Lopez is an indigent civil rights plaintiff represented by pro bono counsel who filed an action against government officers.  So here, as there, the economic disparity between the parties is considerable.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Request for Costs without oral argument pursuant to Northern District of California Civil Local Rule 7-1(b).

**IT IS SO ORDERED.**

Dated: February 8, 2017

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] Mr. Lopez's limited financial resources, for that matter, should go towards paying off his restitution orders.

6